FILED
SUPERIOR COURT
OF GUAM

2020 JAN 28 AM 10: 11

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>**RYAN BENJAMIN TAJALLE CHARFAUROS,**<br><br><br>Defendant. | CRIMINAL CASE NO. CF0001-20<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 23, 2020, for hearing on Defendant Ryan Benjamine Tajalle Charfauros's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50 for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel, Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Woodrow Pengelly was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on January 23, 2020, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On January 10, 2020, Defendant was indicted with the following charges: (1) Burglary (As a Second Degree Felony) – 2 Counts; (2) Stalking (As a Third Degree Felony); (3) Family Violence (As a Misdemeanor) – 2 Counts; (4) Family Violence (As a Misdemeanor); (5)

*People v. Charfauros*
Case No. CF0001-20
Decision and Order

Criminal Mischief (As a Misdemeanor); and (6) Harassment (As a Petty Misdemeanor). (Indictment, Jan. 10, 2020). These charges stem from allegations occurring on three different occasions between Defendant and his ex-girlfriend, Ms. Dilene H.C. Brown. On December 31, 2019, Defendant tried to come over to Ms. Brown's home early in the morning at 2:35 a.m. (Decl. of Christine Santos Tenorio, Magistrate's Compl., Jan. 2, 2020). Defendant knocked on her bedroom window, but she refused and asked him to leave. *Id.* Ms. Brown then heard banging coming from the front door – Defendant kicked in the door and was inside the house. *Id.* Ms. Brown ran back to her room and locked herself In and Defendant began banging on her door. *Id.* Officers who responded to the scene noted damages to the front screen door and the lock to the wooden door. *Id.*

Prior to this incident, on November 30, 2019, GPD also responded to a scene at Ms. Brown's residence, after Defendant at around 7:30 p.m. also knocked on her bathroom window and was then seen standing in front of her kitchen door. *Id.* Ms. Brown ran to her bedroom and locked herself in, then heard a 2x4 piece of lumber securing her kitchen door fall to the ground. *Id.* Defendant slid a knife from her kitchen under her door with a note that read "here lynn, you wanna slit my throat." *Id.*

Additionally, on October 19, 2019, Ms. Brown went outside her residence after he knocked on her bedroom window to confront him and they argued. *Id.* Ms. Brown later drove him to a church in Agat at his request, however Defendant refused to get out of the vehicle once they arrived and struck her in the face three times. *Id.* Ms. Brown got out of the vehicle and fled, and Defendant pursued her. *Id.* Officers who responded to that scene noted injuries including abrasions and swelling to her lips, swelling to her forehead, and bruising on her thigh. *Id.*

On January 17, 2020, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, Jan. 2, 2020. The Government did not file a response to the Motion for Bail Redetermination, but orally indicated that it opposed Defendant's release.

# DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Nov. 7, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i) length of his/her residence on Guam;

    (ii) his/her employment status and history, and financial condition;

    (iii) his/her family ties and relationships;

    (iv) his/her reputation, character and mental and physical condition;

    (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi) his/her history relating to drug or alcohol abuse;

    (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

    (a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

    (b) placement of restrictions on the activities, movements, associations and residence of the person;

    (c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

    (d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

    (e) release of the person during working hours, but with the condition that he return to custody at specific times;

    (f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

    (g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a twenty-year old U.S. citizen and a lifelong resident of Guam. (Mot. Bail Redetermination at 4, Jan. 17, 2020). Defendant notes that he has a moderate ORAS score and a minimal criminal record. *Id.* Additionally, Defendant notes his family and social ties to the community, including several siblings, and that he believes the matter may have been over-charged. *Id.* at 4-5.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community. Although Defendant is charged with offenses occurring on three different dates over the span of three months, the Court is still concerned with the numerous amount of charges Defendant currently faces, and how Defendant's actions as alleged may have instilled a significant amount of fear to the victim. Further, the Court is concerned with Defendant's ability to maintain self-control as he continued in his actions even when told by the alleged victim to leave her residence on more than one occasion.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for January 31, 2020 at 10:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to January 23, 2020, this ___JAN 2 8 2020___.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

___AG, PDSC___

Date _1-28-20_ Time _10:15am_
_____
Deputy Clerk, Superior Court of Guam

*People v. Charfauros*
Case No. CF0001-20
Decision and Order